IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

MICHELLE A. ELSEY and
TOBY ELSEY, husband and wife,

                Plaintiffs,

v.

DR. DANIEL H. LAURY, ASANTE, an
Oregon non-profit corporation, dba ASANTE
ROGUE REGIONAL MEDICAL CENTER, and
PROVIDENCE MEDFORD MEDICAL CENTER,

                Defendants.

Case No. 1:12-cv-00707-CL

REPORT & RECOMMENDATION

CLARKE, Magistrate Judge.

Plaintiffs bring claims for medical malpractice and loss of consortium. The Court has jurisdiction under 28 U.S.C. § 1332. The case is before the Court on defendant Asante's Motion for Summary Judgment (#39). For the reasons below, the motion should be GRANTED.

Page 1 – Report & Recommendation

## BACKGROUND

On April 20, 2007, Plaintiff Michelle Elsey underwent procedures at Rogue Valley Medical Center (RVMC), including sterilization with Essure devices. First Am. Compl. ¶ 5. She alleges that her then-physician, defendant Dr. Daniel Laury, was negligent for leaving a "non-fired" Essure coil in her body at the conclusion of the surgery. Id. at ¶ 6. She asserts that because the surgery took place at RVMC, defendant Asante is "negligently or otherwise legally responsible" for the result of the surgery. Id. at ¶ 7.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Id. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. In assessing whether

a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

Defendant Asante claims that summary judgment is appropriate because the complaint does not state a sufficient claim for relief as to Asante's negligence, which is based on a theory of vicarious liability due to the fact that the allegedly negligent surgery took place at Asante's hospital facility, RVMC.

The Oregon Supreme Court has recently held that a hospital or other entity can be held vicariously liable for a physician's malpractice on an apparent agency theory. Eads v. Borman, 351 Or. 729, 277 P.3d 503 (2012). The key questions for the imposition of vicarious liability in this context are: (1) whether the putative principal held itself out, expressly or implicitly, as a direct provider of medical care so as to lead a reasonable person to conclude that the negligent actor who delivered the care was the principal's employee or agent in doing so; and (2) whether the plaintiff relied on those representations by looking to the putative principal, rather than to a specific physician, as the provider of the care, and not just as a situs in which a physician of the plaintiff's choosing provided the care. Id. at 746.

In applying the standard above on a motion for summary judgment, the Oregon Supreme Court found that the record in the case was inadequate to permit a reasonable jury to conclude that the defendant held the physician out to plaintiff as its agent for the delivery of medical services. Id. at 752. The plaintiff in the case submitted evidence that he relied on the defendant's signage and other representations, which made him believe that "the Willamette Spine Center" was an entity providing medical services and not merely the name of the building in which his physician was located and providing independent medical treatment to the plaintiff.

Id. at 747. The Court's highly factual inquiry analyzed whether the plaintiff had shown both that the defendant held itself out to be a direct provider of medical services and that the plaintiff reasonably relied on that representation. Id. at 747-53.

As the plaintiffs point out, the case at bar is distinguishable from the Eads case. The defendant in Eads was merely a landlord LLC that owned the building in which the doctor's office was located. The allegedly negligent surgery did not take place at that location, but at a local hospital. By contrast, here, RVMC is a hospital facility. Michelle Elsey's surgery took place at this facility, and, even if RVMC did not provide direct medical services to her on that occasion, presumably it provides direct medical services to other patients on a daily basis. Thus, at least theoretically, the plaintiffs would have been able to meet the first prong of the Eads vicarious liability analysis sufficiently to withstand summary judgment. However, the plaintiffs have not submitted any factual evidence or even an assertion that Michelle Elsey reasonably relied on any representations by RVMC that it was providing her with medical services at the time of her surgery with Dr. Laury.

As to state law claims, federal courts apply state substantive law, and federal procedural law. See, e.g., Hanna v. Plumer, 380 U.S. 460, 465 (1965). On a motion for summary judgment, "the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. Specifically, under the Federal Rules of Civil Procedure, a party asserting that a fact is genuinely disputed must support the assertion by:

> **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Therefore, while plaintiffs' request for an opportunity to amend their complaint would be appropriate on a motion to dismiss under Rule 12(b)(6), it is insufficient to survive a motion for summary judgment. Based on the record, the plaintiff has not created a genuine issue of material fact as to whether defendant Asante may be held vicariously liable for the alleged negligence of the plaintiff's physician, Dr. Laury.

## RECOMMENDATION

For the reasons stated above, defendant Asante's Motion for Summary Judgment (#39) should be GRANTED, and Asante should be dismissed from the case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___ day of September, 2013.

_____
MARK D. CLARKE
United States Magistrate Judge