Robert C. Robertson, OSB No. 661038
2boblaw@integra.net
1175 East Main St., Suite 1F
Medford OR 97504
Telephone:     541-771-3442
Telefax:         541-772-2390
   Attorney for Plaintiffs

# UNITED STATE DISTRICT COURT

## DISTRICT OF OREGON
Medford Division

| | |
|---|---|
| **MICHELLE A. ELSEY** and **TOBY ELSEY**, husband and wife, | Civil No.  1:12-CV-00707-CL |
| **Plaintiffs,** | |
| vs. | **THIRD AMENDED COMPLAINT** (28 U.S.C. §1332 Diversity) Personal Injury - Medical Malpractice |
| **DR. DANIEL H. LAURY, and ASANTE**, an Oregon non-profit corporation, doing business as **ASANTE ROGUE REGIONAL MEDICAL CENTER**, | |
| **Defendants.** | **DEMAND FOR JURY TRIAL** |

Plaintiffs allege:

1.

Plaintiffs are now domiciled in and citizens of the state of Montana.

1 - Third Amended Complaint

2.

At all times mentioned, Rogue Valley Medical Center was a corporation organized and existing under the laws of Oregon, with principal place of business being in Jackson County, Oregon, and now is, and at all times mentioned herein was, engaged in operating a general hospital in Jackson County, Oregon.

3.

This action is of a civil nature involving, exclusive of interest and costs, a sum in excess of $75,000.00 or the jurisdictional amount required for cognizance by this court. Every issue of law and fact is wholly between citizens of different states.

4.

Defendant Dr. Daniel H. Laury is now and at all times mentioned in this Complaint was a licensed physician and surgeon in the state of Oregon, with offices for practice located in the city of Medford, county of Jackson, state of Oregon and held himself out to the public generally, and to Plaintiffs in particular, as being qualified and skilled in the practice of medicine and more particularly in the field of surgery, and, as possessing and as exercising that degree of skill and learning ordinarily possessed and exercised by other skillful physicians and surgeons practicing medicine in Jackson County, Oregon or similar localities.

5.

On April 20, 2007, while Plaintiff Michelle A. Elsey was in Medford, Oregon, Defendant Dr. Daniel H. Laury agreed with Plaintiff Michelle A. Elsey to perform an operation on Plaintiff Michelle A. Elsey consisting of a laparoscopy, sterilization, hysteroscopy, D&C and removal of an IUD. Defendant Dr. Daniel H. Laury performed the operation at Rogue Valley Medical

Center, in the city of Medford, Jackson County, state of Oregon.

6.

In performing the above-mentioned operation, Defendant Dr. Daniel H. Laury was negligent in failing to exercise the skill and care ordinarily exercised in similar cases by physicians and surgeons engaged in this type of practice in the city of Medford, Jackson County, Oregon or in like localities. Defendant Dr. Daniel H. Laury was negligent in negligently and carelessly leaving in Plaintiff Michelle Elsey's body a non-fired Essure coil.

7.

Plaintiffs are informed and believe, and on the basis of such information and belief allege, that defendant Rogue Valley Medical Center is negligently or otherwise legally responsible for the events and happenings referred to in paragraphs 5 and 6 above and negligently or otherwise unlawfully caused the injuries and damages to Plaintiffs alleged in this Complaint in paragraphs 5 and 6.

8.

On September 28, 2007, while Plaintiff Michelle A. Elsey was in Medford, Oregon, Defendant Dr. Daniel H. Laury agreed with Plaintiff Michelle A. Elsey to perform an operation on Plaintiff Michelle A. Elsey.  After consultation and the advice of Defendant Dr. Daniel H. Laury, Plaintiff Michelle Elsey consented to allow surgery to remove her right fallopian tube and ovary and appendix using a da Vinci robotic devise.

Defendant Dr. Daniel H. Laury performed the operation at Providence Medford Medical Center in the city of Medford, Jackson County, Oregon.

Following surgery it was determined that the organs removed by Dr. Daniel H. Laury

3 - Third Amended Complaint

were healthy and functioning. The loss of the normal and functioning organs has caused Plaintiff Michelle A. Elsey mental anguish and suffering and has adversely impacted her marital union and relationship with her husband. The removal of the healthy organs was grossly negligent and wanton entitling Plaintiff Michelle Elsey to punitive damages.

9.

In performing the above-mentioned operation, Defendant Dr. Daniel H. Laury was negligent in failing to exercise the skill and care ordinarily exercised in similar cases by physicians and surgeons engaged in this type of practice in the city of Medford, Jackson County, Oregon and in like localities. Defendant Dr. Daniel H. Laury was negligent in negligently and carelessly leaving a da Vinci trocar sheath in Plaintiff Michelle Elsey's body. Defendant Dr. Daniel H. Laury was further negligent and reckless in using the da Vinci robotic device without proper training or experience in its use.

10.

During the September 28, 2007 surgery, the hospital records indicate that there was a malfunction of the da Vinci robotic device which required an extra reload. Defendant Dr. Daniel H. Laury was a novice in the use of the da Vinci robotic device, and as a consequence a foreign body, part of the robotic device, was left in Plaintiff Michelle Elsey's body.

11.

On or about March 25, 2011, Plaintiff Michelle Elsey consulted with Dr. Lisa Gushwa in Bozeman, Montana. Dr. Gushwa ordered a CT scan, which revealed a possible foreign body in Plaintiff Michelle's Elsey's pelvis between the rectum and uterus. Dr. David L. Parks of

Bozeman, Montana determined from coronal images that there was a foreign body which could possibly be removed with laparoscopy and which might require a temporary diverting colostomy. Prior to Dr. Gushwa's report, Plaintiffs were unaware of the negligent leaving of foreign objects in Plaintiff Michelle Elsey's body.

12.

As a direct and proximate result of Defendant Dr. Daniel H. Laury's negligence, it became necessary to, and Plaintiff Michelle A. Elsey did, have a subsequent operation performed by Dr. Jani Chisdak and Dr. David L. Parks at Bozeman Deaconess Hospital in the city of Bozeman, county of Gallatin, state of Montana on June 7, 2011 to remove any foreign bodies. One full Essure coil, a non-fired coil, a second partial Essure coil and a da Vinci laparoscopy sheath were removed.

13.

As a further direct and proximate result of Defendants' negligence, Plaintiff Michelle A. Elsey has suffered great physical pain and mental anguish, and will suffer great physical pain and mental anguish in the future, all to Plaintiff Michelle A. Elsey's damage in the sum of $600,000.00.

Plaintiff Toby Elsey, husband of Michelle Elsey, complains against Defendants and each of them, and for a second cause of action alleges:

14.

Plaintiff Toby Elsey incorporates paragraphs 1 through 10 of the first cause of action against Defendants and makes the same a part of this cause of action.

5 - Third Amended Complaint

15.

As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiffs have incurred reasonable and necessary medical expenses in order to treat Plaintiff Michelle A. Elsey for injuries sustained as a result of Defendant in the sum of $83,293.22

16.

As a further direct and proximate result of the negligence of Defendants, and each of them, Plaintiff husband has been and will be put to great loss and expense by the loss of services by Plaintiff wife, Michelle A. Elsey, by reason of her physical disabilities caused by negligence of Defendants, and each of them, and has lost the comfort of the society and health of his wife, all to his damage in the sum of $350,000.00.

WHEREFORE, Plaintiffs request judgment against Defendants, and each of them, jointly and severally, as follow:

1. For Plaintiff Michelle A. Elsey, the sum of $600,000.00 general damages;

2. For Plaintiff Toby Elsey, the sum of $350,000.00 for loss of services and comfort of the society and health of his wife, and such special damages as may be later ascertained and specified by later amendment to this Complaint;

3. For Plaintiffs the sum of $83,293.22 for medical expenses incurred in the form of special damages in the treatment of Michelle A. Elsey resulting from the negligence of Defendants.

4. Punitive damages in an amount to be determined at trial;

5. Costs of suit; and

6.  Such further relief as to the court may seem just and equitable.

Dated: October 2, 2013.

/s/ Bob Robertson

Bob Robertson, OSB #661038
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that I served the foregoing Third Amended Complaint upon each of the parties listed below:

>Thomas F. Armosino, Jr.
>Frohnmayer, Deatherage, Jamieson, Moore,
> Armosino & McGovern, P.C.
>2592 East Barnett Road
>Medford OR 97504
>Armosino@fdfirm.com

>James A. Wallan
>Hornecker, Cowling, Hassen & Heysell, LLP
>717 Murphy Road
>Medford OR 97504
>jaw@roguelaw.com

By mailing a full, true and correct copy thereof in a sealed envelope with postage prepaid thereon, addressed as above stated, which is the last-known office address of the attorney and deposited with the United States Postal Service at Medford, Oregon on the date set forth below.

Dated:   October 9, 2013.

>    /s/ Bob Robertson
>Bob Robertson, OSB #661038
>Attorney for Plaintiffs